

JAMES DAL BON
C- BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET SUITE
SAN JOSE, CA 95113

E-FILING

(408)297-4729

ATTORNEY FOR PLAINTIFF

ADR

FILED

JUL 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FERNANDO RAMIREZ

Plaintiff,

vs.

DOSA PLACE INC. dba DOSAIPLACE,

UMAKANTH UPPALAPATI dba DOSAI

PLACE and DOSA PLACE INC.

Defendants

CASE C08 03613 PVT

COMPLAINT FOR DAMAGES

DEMAND FOR JURY TRIAL:

1) Violation of California Labor Code Section 510;
2) Violations of the Federal Fair Labor Standards Act;
3) Violation of California Business and Professions Code Section 17200;
4) Violation of California Labor Code Section 201;
5) Violation of California Labor Code Section 226.

NATURE OF CLAIM

COMPLAINT - 1

1. This is an action on behalf of Fernando Ramirez who has been employed on a salary basis Dosa Place Inc. dba Dosaiplace, Umakanth Uppalapati dba Dosai Place And Dosa Place Inc. during the last four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes.

2. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. At all times relevant herein Plaintiff Fernando Ramirez was a resident of Santa Clara County, California.

6. At all times relevant herein, Defendants Dosa Place Inc. dba Dosaiplace, Umakanth Uppalapati dba Dosai Place And Dosa Place Inc. employed Plaintiff Fernando Ramirez as a kitchen worker in their restaurant in Santa Clara County.

COMPLAINT - 2

7. At all times relevant herein Dosa Place Inc. dba Dosaiplace, Umakanth Uppalapati dba Dosai Place And Dosa Place Inc. conducted business in Santa Clara County, California.

8. Individual Defendant Umakanth Uppalapati was, according to information and belief, the officer, owner, or employee of Defendants Dosa Place Inc. dba Dosai Place, having control over the Plaintiff's work condition and work situation.

9. Defendants Dosa Place Inc. dba Dosaiplace, Umakanth Uppalapati dba Dosai Place And Dosa Place Inc. shall be hereinafter collectively known as "Defendants".

10. Plaintiff Fernando Ramirez shall hereinafter be known as "Plaintiff".

11. Plaintiff was according to information and belief, an employee of Defendants acting in the normal course and scope of employment duties with Defendants as a kitchen worker.

12. During the course of Plaintiff's employment with Defendants, Plaintiff regularly worked more than 8 hours per day and 40 hours per week, hours for which Plaintiffs were not properly compensated.

13. Defendants paid Plaintiff for his labor by cash.

14. Defendants did not issue a paystub with deductions to Plaintiff.

15. Plaintiff did not perform "exempt" duties in his position as a laborer with Defendants and thus was not subject to any exemption under the Fair Labor Standards Act, 29 CFR 541.112, 541.209 and 541.209. The Plaintiff was not even marginally responsible for management or administrative functions, and their primary job duties did not require the exercise of independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of her working time.

...
...
...

16. At no time during the Plaintiff's employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of Defendants business where he customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did he participate in the development of general administrative policies of Defendants.

COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510

FAILURE TO PROPERLY PAY OVERTIME WAGES

17. Plaintiff re-alleges and incorporates paragraphs 1-18 as if fully stated herein.

18. At all times relevant herein, California Labor Code Section 501, which applies to Plaintiff's employment by defendants, provided that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

19. Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

20. Defendants therefore owe Plaintiff lost wages and penalties in an amount subject to proof.

21. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

22. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

23. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by him/her in this action.

COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT

FAILURE TO PROPERLY PAY OVERTIME WAGES

24. Plaintiff re-alleges and incorporates paragraphs 1-23 as if fully stated herein.

25. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were an individual employee covered by virtue of Plaintiff's direct engagement in interstate commerce.

26. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

27. Although Plaintiffs were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiff's regular rate of pay.

28. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiff's rights under the FLSA.

29. Defendants therefore owe Plaintiffs lost wages and penalties in an amount subject to proof.

30. Therefore, as a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

31. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff's proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

32. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201

FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

33. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-31 as if fully stated herein.

34. At the time Plaintiff's employment with Defendant was terminated, Defendants' owed Plaintiff certain unpaid overtime wages.

35. Failure to pay wages owed at the time if an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

36. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiff for penalties equal to thirty (30) days wages.

37. Defendants therefore owe Plaintiff lost wages and penalties in an amount subject to proof.

38. Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff's reasonable attorney's fees and costs incurred in this action.

39. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

40. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-41 as if fully stated herein.

41. At all times relevant herein, Plaintiff's employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

42. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

43. During the period Plaintiff was employed with the Defendant, Defendants failed to pay Plaintiffs legally required overtime pay to which he was legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiff.

44. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

45. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in an amount subject to proof.

46. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

47. Plaintiff, having been illegally deprived of the overtime pay to which he were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount subject to proof.

COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226 INADEQUATE PAY STATEMENTS

48. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-47 as if fully stated herein.

49. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

50. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

51. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

52. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

53. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

54. Plaintiffs have incurred costs and fees in bringing this action and seek to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

55. For compensatory damages in an amount subject to proof

56. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount subject to proof

57. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount subject to proof

58. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a) in an amount subject to proof;

59. For waiting time penalty damages of thirty days wages to Plaintiffs pursuant to California Labor Code § 203 in an amount subject to proof

60. For actual damages in an amount subject to proof for inadequate pay statements pursuant to California Labor Code Section 226;

61. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

62. For costs of suit herein; and

63. For such other and further relief as the Court may deem appropriate.

July 25, 2008

s/jdb
LAW OFFICES OF JAMES DAL BON

JAMES DAL BON
C- BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET SUITE 210
SAN JOSE, CA 95113

(408)297-4729

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO RAMIREZ ) | CASE |
| ) | |
| Plaintiff, ) | PLAINTIFF DEMANDS JURY TRIAL |
| ) | |
| vs. ) | |
| ) | |
| DOSA PLACE INC. dba DOSAIPLACE, ) | |
| ) | |
| UMAKANTH UPPALAPATI dba DOSAI ) | |
| ) | |
| PLACE and DOSA PLACE INC. ) | |
| ) | |
| Defendants ) | |

Plaintiff demands a jury trial.

July 25, 2008

___s/jdb___
James Dal Bon

JS 44 - No. CALIF - (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**

FERNANDO RAMIREZ

**DEFENDANTS**

DOSA PLACE INC. dba DOSAIPLACE, UMAKANTH UPPALAPATI dba DOSAI PLACE and DOSA PLACE INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

E-FILING

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of James Dal Bon
28 North 1st Street Suite 210, San Jose, CA 95113

ADR

ATTORNEYS (IF KNOWN)

C08 03613 PVT

**II. BASIS OF JURISDICTION** (PLACE AN "✗" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "✗" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "✗" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "✗" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 960 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)   29 U.S.C. 209, et seq.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 45,000.00   ☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE A "✗" IN ONE BOX ONLY)   ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE 7/25/08

SIGNATURE OF ATTORNEY OF RECORD